AFFIDAVIT IN SUPPORT OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION;

My name is JASON WILLIAM LANG, I filed a civil RICO 24-cv-19. This affidavit is in support of this subpoena for DNA from a man I believe is impersonating THOMAS R DONOVAN SR. I spoke with this man on the phone who claimed to be THOMAS R DONOVAN SR in 2023. He claimed that his sons had died and that his wife was also dead. He claimed to me that THOMAS R DONOVAN JR had been born in mount Kisco, NY while I heard shuffling of papers in the background and then not a second passed before he said the date he was born. My own father and a lot of other men I know don't know their sons birth date off hand in a seconds notice. But it could have been. I once saw a photo of THOMAS R DONOVAN SR, while I was incarcerated in CLINTON CORRECTIONAL FACILITY with THOMAS R DONOVAN JR and it was a photo of him and his brother and his father. They all looked alike. Over the FISA court surveillance that started, I heard people threaten the death of my entire family while calling me THOMAS R DONOVAN JR, as well as threatening my family by my name JASON WILLIAM LANG, at the same time. MARY K MITCHELL impersonates CORALENE DONOVAN, as well as my own mother MARY CAMILLE TABOR. MARY K MITCHELL looks just like CARLY FIORINA.

Regardless of that, I watched physically, THOMAS R DONOVAN tell corrections officers in CLINTON CORRECTIONAL FACILITY that he was born in GERMANY, he spoke fluent German and was teaching me German. Both him and his mother were born there. He left when he was a teenager, or right before, I think he said 12 or 15…. I can't recall exactly, but he used to tell me about Germany. I believe these people had his father killed just as they attempted to murder me JUNE 5, 2018 and then had hospital information altered because it happened in front of a homeland security camera on 19TH and Ferry Ave, and first responder arrived there, but that information is also altered, to say I was found blocks away. This screams police and fbi intervention. I also have documents from the hospital and same incident that were not altered and say that I was assaulted, but the documents that show were I was found are ALL ALTERED, and say that they were altered.

I was told to write the hospital if I want them changed, so I did and stated I wanted them changed back to their original state. When they refused and said I had to hand write (I'm disabled and it causes pain so I just say I cannot write.) I sued them. The case was thrown out by a judge, so I'm saying all of them including the FBI directors who started the surveillance and continued it, targeting Americans in America in violation to 50 USC §1881, while claiming 50 USC §702 allows them to. I have been electrocuted, touched and raped and have seen things via FISA technology. I refuse to allow people to get away with these crimes after spending time in prison for crimes myself, and their being paid to commit crime is outrageous. It must stop and this is a way to do it, by exposing that they knew they are committing crimes and so covering them up. I believe Thomas R Donovan Sr is deceased because I thought I saw his ghost. Although it could have been the technology and I saw him over it, I believe it was different because this didn't look electrical. I also felt no electricity. When I saw LISA FALZONE I felt static electricity in the air and my hands were in bad pain.

If I can get Thomas R Donovan JR's DNA and have the sample checked against the sample the man impersonating him gives, if they continue, which I doubt they will, then it will be different.

The alternative is that THOMAS R DONOVAN JR was indeed born in a hospital in MOUNT KISCO, NY and his birth certificate was lost. I called and emailed the MOUNT KISCO, NY CITY HALL, as that is where birth certificates go from the hospital after an amount of time has passed. Twice I contacted them and twice I was told there is no birth record and I have that evidence. Produce him at civil RICO trial and collect his DNA.    This is true and correct and accurate to the best of my recollection.

JASONLANG..........

SIGNED BEFORE ME THIS 20 DAY OF February 2024

AMANDA McDERMOTT
Notary Public - State of New York
No. 01-MC6177323
Qualified in Erie County
My Commission Exp. 11/13/2027

INDIVIDUAL ACKNOWLEDGMENT
STATE OF NEW YORK } SS:
COUNTY OF Niagara
On this 20 day of February in the year 20 24
before me personally came Jason Lang
to me known to be the person described in and when executed the foregoing instrument and acknowledged to me that (s) he executed the same.

NOTARY PUBLIC

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____

JASON W. LANG
_____
Plaintiff

v.

HILLARY CLINTON Et. AL.
_____
Defendant

Civil Action No. 24-CV-19

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Thomas R. Donovan SR / 147 Adelphi Ave Harrison, NY 10528
(Name of person to whom this subpoena is directed)

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: DNA Sample of his own in front of witnesses to prove it does not match that on NYSDOCCS file of Thomas R. Donovan JR DIN#10J2913 - Thomas R. Donovan Birth Certificate and social security card/number

| Place: Elizabeth Wolford Robert Jackson United States Courthouse, 2 Niagara Square, Buffalo, NY | Date and Time: ASAP By 3-3-24 |

☒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: 147 Adelphi Ave Harrison, NY 10528 | Date and Time: ASAP |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

_____     OR     _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jason W Lang 186 Hawley Ct, Lockport NY 14094 , who issues or requests this subpoena, are:
jasonwlang@icloud.com 716-302-3023 / 716-990-1299

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



MR. JASON W. LANG
186 HAWLEY CT.
LOCKPORT, NY 14094

24-cv-19

Mary C. Loewenguth
Clerk of Court
United States Courthouse
2 Niagara Square
Buffalo NY