UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

JASON WILLIAM LANG,

        Plaintiff,

v.

HILLARY RODHAM CLINTON, *et al.*,

        Defendants.
───────────────────────────────

**DECISION AND ORDER**

1:24-CV-00019 EAW

## INTRODUCTION

*Pro se* plaintiff Jason William Lang ("Plaintiff") brings this action against 68 defendants (collectively, "Defendants"), alleging they violated Plaintiff's "civil rights using fraud under 42 U.S.C. §§[] 1983 [and] 1985 and 28 U.S.C. § 1343." (Dkt. 1 at 1). Pending before the Court is Plaintiff's motion to proceed *in forma pauperis* (Dkt. 2), motion for recusal (Dkt. 9), and motion for judgment on the pleadings (Dkt. 11).

The Court has reviewed Plaintiff's motion for *in forma pauperis* status (Dkt. 2), and it is granted. The Court has also reviewed Plaintiff's motion for recusal (Dkt. 9) and Plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2). For the reasons that follow, Plaintiff's motion for recusal is denied and Plaintiff's complaint is dismissed. Accordingly, Plaintiff's motion for judgment on the pleadings (Dkt. 11) is denied as moot.

## BACKGROUND

Plaintiff filed his complaint on January 3, 2024. (Dkt. 1). Plaintiff purports to assert claims under 42 U.S.C. §§ 1983 and 1985 and 28 U.S.C. § 1343. (*Id.* at 1).

Plaintiff claims that Defendants—who include a broad range of national political figures, business leaders, and celebrities, as well as mental health professionals—engaged in a "conspiracy to commit fraud to use Foreign Intelligence Service Act [("FISA")] technology." (*Id.* at 16). Plaintiff states the FISA technology, in addition to his self-reported race, were used "to not only cause damages but to use Plaintiff in election interference against the Donald Trump campaign from June 2015 to [the] present day." (*Id.*). Plaintiff also claims that Leonard Falzone, Sr. was killed by the FISA technology. (*Id.* at 28).

Plaintiff alleges he was "sp[ied] on and electrocut[ed]" by "several different politicians in different parties" and his "ex[-]girlfriend/wife Doneva Robinson and his little brother Robert Andrew Lang." (*Id.* at 16-17). Plaintiff contends Defendants "cover[ed] up [their] actions . . . committing deliberate fraud to cause life threatening damages and business damages." (*Id.* at 17).

Plaintiff details a number of events that allegedly occurred in the state of Washington between different parties not named in the lawsuit. (*Id.* at 28-38). Plaintiff moved to New York in 2015. (*Id.* at 39). In New York, Plaintiff contends that the

"surveillance monitoring" continued during his counseling and trips to a methadone clinic, "causing damages to Plaintiff by" Defendants. (*Id.* at 54).

As a result of this alleged conspiracy by Defendants, Plaintiff claims his Second Amendment rights have been violated by "depriv[ing] him of his rights to both own a muzzleloader and hunting license by categorizing him . . . as having hallucinations and parano[]id schizophrenia." (*Id.* at 115).

## DISCUSSION

### I. Plaintiff's Motion for Recusal

Plaintiff makes a motion for recusal, arguing that the undersigned "will not give Plaintiff a fair hearing" because the undersigned was appointed by former President Barack Obama, who is named as a defendant, and because of the undersigned's alleged religious beliefs. (Dkt. 9 at 1).

Under 28 U.S.C. § 144, a litigant may seek recusal of a judge if the litigant files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "Title 28 U.S.C. § 455(a) requires a judge to recuse [her]self 'in any proceeding in which [her] impartiality might reasonably be questioned.'" *Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139, 150 (2d Cir. 2014) (quoting 28 U.S.C. § 455(a)); *see also Walker v. Cuomo*, No. 9:17-CV-0650 (TJM/DJS), 2018 WL 6380369, at *1 (N.D.N.Y. Dec. 6, 2018) ("Sections 144 and 455 are complementary, and the grounds for

disqualification are the same under both statutes."). "Recusal motions 'are committed to the sound discretion of the district court[.]'" *Abidekun v. N.Y.C. Transit Auth.*, No. 93-CV-5600 (FB), 1998 WL 296372, at *2 (E.D.N.Y. June 4, 1998) (quoting *United States v. Conte*, 99 F.3d 60, 65 (2d Cir. 1996)). "In cases where a judge's impartiality might reasonably be questioned, the issue for consideration is not whether the judge is in fact subjectively impartial, but whether the objective facts suggest impartiality." *Williams v. LaClair*, No. 9:10-CV-635 (GLS/RFT), 2013 WL 1193766, at *3 (N.D.N.Y. Jan. 29, 2013) (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)), *adopted*, No. 9:10-CV-0635, 2013 WL 1193741 (N.D.N.Y. Mar. 22, 2013).

Plaintiff argues that the undersigned has a personal bias against him because the undersigned was appointed by President Obama, one of 68 defendants named by Plaintiff. (Dkt. 9 at 1). Plaintiff's claims are completely speculative and lack foundation. "[W]here an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988). Thus, the fact that the undersigned was appointed by President Obama provides no basis for recusal.

Plaintiff also speculates that the undersigned is biased because she "is a member of an Abrahamic religion and as such has belief in revelations." (Dkt. 9 at 1). Even accepting Plaintiff's allegations as true, "[r]eligious devotion or affiliation cannot constitute a general

bias or prejudice under §§ 144 or 455. . . ." *Hoatson v. N.Y. Archdiocese*, No. 05 Civ. 10467 (PAC), 2006 WL 3500633, at *5 (S.D.N.Y. Dec. 1, 2006).

There is no evidence justifying recusal, nor is there any basis for it. Accordingly, Plaintiff's motion for recusal (Dkt. 9) is denied.

## II.     Screening Plaintiff's Complaint

### A.  Legal Standard

"Section 1915 requires the Court to conduct an initial screening of complaints filed by civil litigants proceeding *in forma pauperis*, to ensure that the case goes forward only if it meets certain requirements." *Guess v. Jahromi*, No. 6:17-CV-06121(MAT), 2017 WL 1063474, at *2 (W.D.N.Y. Mar. 21, 2017). In evaluating the complaint, a court must accept as true all of the plaintiff's factual allegations and must draw all inferences in the plaintiff's favor. *See, e.g.*, *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Upon conducting this initial screening, a court must dismiss the case pursuant to § 1915(e)(2)(B) "if the [c]ourt determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Eckert v. Schroeder, Joseph & Assocs.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005).

B. <u>Analysis</u>

1. **<u>Plaintiff's Complaint Does Not Comply with Federal Rule of Civil Procedure 8(a)</u>**

The complaint fails to comply with Federal Rule of Civil Procedure 8(a) which requires a complaint to contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). "The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage.'" *Id*. (citation omitted). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, *see* Fed. R. Civ. P. 12(f), or to dismiss the complaint." *Id*.

The 127-page complaint is neither short nor plain, but rather is bloated, rambling, and teeming with irrelevant factual digressions and improper legal argument. Dismissal on those grounds alone could be justified. *See, e.g.*, *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of 88-page *pro se* complaint containing "a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension [and therefore] failed to comply with the [short-and-plain-statement] requirement of Rule 8"); *see also*

*O'Neil v. Ponzi*, 394 F. App'x 795, 796-97 (2d Cir. 2010) ("O'Neil's amended complaint, even when read liberally, fails to contain 'a short and plain statement of the claim' entitling her to relief. Fed. R. Civ. Pro. 8(a)(2). Instead, O'Neil indulges in a prolix and unintelligible 'conspiracy theory novel,' *Gollomp v. Spitzer*, 568 F.3d 355, 371-72 (2d Cir. 2009) (internal quotation marks omitted), which fails to allege that defendants' conduct was the legal, much less the logical, cause of her injury. Thus, while we have 'repeatedly cautioned against *sua sponte* dismissals of *pro se* . . . complaints prior to requiring the defendants to answer,' *Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988), it is well settled that 'where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible . . . or where the substance of the claim pleaded is frivolous on its face,' *id.* at 42, § 1915(e) permits a district court to dismiss the complaint *sua sponte*.").

### 2. **Plaintiff's Claims are Entirely Frivolous**

Plaintiff's claims are frivolous and must be dismissed.

Section 1915(e)(2)(B) "authorizes federal courts to dismiss a claim filed *in forma pauperis* ' . . . if satisfied that the action is frivolous or malicious.'" *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (quoting former 28 U.S.C. § 1915(d); current 28 U.S.C. § 1915(e)(2)(B)).

> Section 1915[(e)(2)(B)] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal

> Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist. . . . Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Neitzke*, 490 U.S. at 327-28 (citation omitted).

> [T]he § 1915[(e)(2)(B)] frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts. . . . [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations omitted).

Plaintiff alleges that Defendants engaged in a conspiracy of fraud to subject Plaintiff to FISA technology. (Dkt. 1 at 16). Plaintiff lists 68 Defendants, including Hillary Clinton, Joe Biden, Donald Trump, Barack Obama, Bill Gates, Kathy Hochul, Merrick Garland, Cheech Marin, Adam Sandler, and Mark Zuckerberg. (*Id.* at 2-5).

Plaintiff's claims are precisely the type of fanciful or delusional allegations that warrant dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(i) as factually frivolous. *See, e.g.*, *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002) (holding that suit may be dismissed where facts alleged in complaint are "so nutty ('delusional' is the polite

word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity"); *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (explaining that an action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy") (internal quotation marks omitted).

Moreover, while the usual practice is to allow leave to replead a deficient complaint, *see* Fed. R. Civ. P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), especially where a complaint has been submitted *pro se*, *see Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994), "a court may dismiss a case without allowing leave to amend 'where the substance of the claim pleaded is frivolous on its face,'" *Harris v. U.S. Secret Serv.*, 605 F. Supp. 3d 410, 414 (N.D.N.Y. 2022) (quoting *Salahuddin*, 861 F.2d at 42, and dismissing complaint without leave to amend because the plaintiff's claim rested "solely on his demonstrably false belief that he is president" and "granting leave would not cure the defects of the complaint").

Plaintiff's claims in this case are based on fantastical allegations that scores of national political figures, business leaders, celebrities, and mental health professionals entered into a conspiracy to use "FISA technology" to remotely electrocute and otherwise harm him. Affording Plaintiff an opportunity to amend would not cure the fact that the substance of his complaint is factually frivolous on its face.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an authorization with respect to the filing fee. Accordingly, Plaintiff's request to proceed *in forma pauperis* (Dkt. 2) is granted. For the reasons discussed above, Plaintiff's motion for recusal (Dkt. 9) is denied and the complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). As a result, Plaintiff's motion for judgment on the pleadings (Dkt. 11) is denied as moot.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: December 30, 2024
Rochester, New York